UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JAMES RAY DAUGHERTY, STEVE DANIEL ALLEN, WILLIAM ORMAN KNOX, J.C. HOLLINGSWORTH, DARYLE RYCARDO DOWELL, SR., RICKY WILFORD BALTHROP, SHELIAH RHONDA HUNTER, WILLIAM ROBERT MAUPIN, STEVEN EDWARD COUNTER, ROBERT S. HEATHCOCK, KERRY B. STAMPER, DONNA FAY REKART AND JOHNNY LEE BUTLER, Plaintiffs v. INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, ("UAW") AND UNITED AUTO WORKERS LOCAL UNION 737 ("UAW LOCAL 737"), Defendants | No. 3:08-0695 Judge Nixon/Brown **Jury Demand** |

**O R D E R**

The Magistrate Judge initially denied the Plaintiffs' motion to reopen discovery (Docket Entry 43). Subsequently, the Magistrate Judge agreed to reconsider the matter (Docket Entry 48), and both parties have now briefed the issue (Docket Entries 45 and 49). Having reconsidered the matter, the Magistrate Judge again declines to reopen discovery.

The Magistrate Judge believes that the correct standards for allowing additional discovery is set forth in *Plott v. General Motors Corporation*, 71 F.3d 1170 (6th Cir. 1955). In *Plott* the

Sixth Circuit set forth a five-part standard in determining whether to allow additional discovery in response to a summary judgment motion: (1) when the appellants learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would have changed the ruling below; (3) how long the discovery period had lasted; (4) whether the appellant was dilatory in its discovery efforts; and (5) whether the appellee was responsive to discovery requests. *Plott* at 1196-97.

Turning to these factors, it appears to the Magistrate Judge that the Plaintiffs were aware that the knowledge of the Union officials as to whether there would be a better offer was apparent from the initial pleadings. One of the main thrusts of the complaint is that the Union, through its officials, knew there was a better offer in the work and that they misrepresented this to the Plaintiffs. Written discovery was opened on March 9, 2009 (Docket Entry 26). The stay, in fact, was lifted at the request of the Plaintiffs.

Despite this lifting of the stay on written discovery, the Plaintiffs did not propound any written discovery for over a year. Apparently written discovery was first served on April 16, 2010, and the Defendants responded on May 17, 2010.

While it is possible that depositions might have been more effective, it has been the Magistrate Judge's experience that attorneys normally want to take written discovery before conducting

2

depositions. The fact that the Plaintiffs took no written discovery causes the Magistrate Judge to be somewhat skeptical about whether the depositions would have produced substantially more evidence. Certainly the facts that written discovery has been open since March, 2009, and that the Plaintiffs waited a year to attempt to take any written discovery, causes the Magistrate Judge to conclude that the discovery period itself was adequate and that the Plaintiff had been somewhat dilatory in their discovery efforts.

The final factor is whether the Defendants were responsive to discovery requests. The Defendants point out that they did respond within the time frame to the Plaintiffs' requests. The actual responses themselves are not included since, under the Local Rules, they are not filed with the Court absent a specific need for them. In this case, the Plaintiffs have not made at this point specific objections to the inadequacies of the responses, although they were filed on May 17, 2010.

The Magistrate Judge would note that it was unfortunate that the Defendants replied to almost all of the requests with boilerplate objections that "The request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence and that the documents sought are irrelevant and/or outside the possession, custody and control of the Defendants." There is, of course, no meat to these conclusionary

3

statements. There is no showing how the responses would be burdensome or by giving some details of why the request is not calculated to lead to the discovery of admissible evidence.

Following these meaningless objections, the Defendants state without waiving their objection that they submit various answers and documents and state they will supplement as necessary. From this the Magistrate Judge would take it that they have submitted reasonably complete responses (Docket Entries 44-2). Their response (Docket Entry 49 at p. 10) states "At any rate the Unions have yet to locate any emails substantively responsive to the requests that are not otherwise objectionable." Quite frankly the Magistrate Judge has no idea exactly what this means. Does it mean that there are emails touching on the subject that they find objectionable, or not? The Plaintiffs have clearly asked for any emails dealing with the subject of what the Union officials knew about subsequent buy-outs and when they knew it. Any email touching on that, to the Magistrate Judge, is not objectionable and should be furnished. If there are none, the Defendants should clearly so state and not obfuscate the response as they have done in the quoted sentence.

In their response the Plaintiffs are, of course, free to attach affidavits from the Plaintiffs and to propose statements of uncontested facts. However, after considering the various *Plott* factors, the Magistrate Judge believes that it is well within the

4

Court's discretion not reopen discovery at this point. The Magistrate Judge, therefore, declines to reopen discovery.

The Plaintiffs may have **14 days** from the date of the entry of this order to respond to the pending motion for summary judgment (Docket Entry 39).

It is so **ORDERED.**

/S/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

5