UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES RAY DAUGHERTY, STEVE DANIEL ALLEN, WILLIAM ORMAN KNOX, J.C. HOLLINGSWORTH, DARYLE RYCARDO DOWELL, SR., RICKY WILFORD BALTHROP, SHELIAH RHONDA HUNTER, WILLIAM ROBERT MAUPIN, STEVEN EDWARD COUNTER, ROBERT S. HEATHCOCK, KERRY B. STAMPER, DONNA FAY REKART, JOHNNY LEE BUTLER, TOM BAKER JOHNSON, BRENDA COLEMAN, REBECCA SPICER, DONALD ALLEN SPILLERS, DENNIS ALAN BRAZZELL, and KENNY WAYNE JOHNSON | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) ) | No. 3:08-cv-00695<br><br>JUDGE SHARP<br>MAGISTRATE JUDGE BROWN |
| v. | ) ) | |
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA ("UAW") and UNITED AUTO WORKERS LOCAL UNION 737 ("UAW LOCAL 737"), | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM

Defendants UAW and UAW Local 737 (collectively, "Defendants" or "Unions") filed a Motion for Summary Judgment (Docket Entry No. 39), to which Plaintiffs James Ray Daugherty, Steve Daniel Allen, William Orman Knox, J.C. Hollingsworth, Daryle Rycardo Dowell, Sr., Ricky Wilford Balthrop, Sheliah Rhonda Hunter, William Robert Maupin, Steven Edward Counter, Robert S. Heathcock, Kerry B. Stamper, Donna Fay Rekart, Johnny Lee Butler,

1

Tom Baker Johnson, Brenda Coleman, Rebecca Spicer, Donald Allen Spillers, Dennis Alan Brazzell, and Kenny Wayne Johnson (collectively, "Plaintiffs") filed a response (Docket Entry No. 57), and Defendants filed a reply (Docket Entry No. 62). Plaintiffs filed an Objection to the Magistrate Judge's Ruling (Docket Entry No. 51) denying Plaintiffs' motion to take depositions before responding to Defendant's Motion for Summary Judgment, to which Defendants filed a response (Docket Entry No. 61). For the reasons stated herein, the Court grants Plaintiffs' objection, allows Plaintiffs sixty days to take the requested depositions, and denies Defendants' motion without prejudice to refile after the taking of depositions.

## FACTS

Briefly summarized, this action involves the retirement packages offered to Plaintiffs, who are all previous employees of the Ford Motor Company glass facility in Nashville and former members in UAW Local 737.[1] In October 2006, the Unions' representatives informed members that Ford would be closing the plant if it could not find a buyer. The representatives presented a "one-time" package of special retirement incentives to eligible members who voluntarily left Ford by November 2006.[2] If members did not sign up for the retirement package or request a transfer, Ford could lay them off. The available sub-pay for such laid-off employees would likely deplete quickly, and their health insurance coverage would expire within a short time. Employees had two weeks to make their decision whether to accept the retirement package or request a transfer.

---

[1] Unless otherwise noted, the facts are drawn from the parties' statements of material facts (Docket Entry Nos. 40 and 59) and related declarations and exhibits. Although facts are drawn from submissions made by both parties, on a motion for summary judgment, all inferences are drawn in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. ZenithRadio Corp.*, 475 U.S 574, 586 (1986); *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

[2] Certain employees who accepted the packages (including some Plaintiffs) requested and received extensions of their departure date until July 1, 2007.

2

Plaintiffs allege the Union representatives said that the special retirement package would be the only package offered and the company would not offer a better package later. Plaintiffs accepted the special package and signed up for early retirement. Subsequently, Glass Products, LLC (later renamed "Zeledyne") purchased Ford's Nashville glass facility. In January 2008, Ford made a retirement offer to employees of the Nashville glass plant that included better benefits than the package Plaintiffs had accepted. Furthermore, those who accepted the 2008 offer received a higher level of benefit because they had more seniority when they retired.

## PROCEDURE

Plaintiffs filed the original complaint in this action on July 17, 2008.[3] After Defendants filed a motion to dismiss, the Initial Case Management Order of September 15, 2008 stayed discovery. (Docket Entry No. 13.) While the motion to dismiss remained pending, the discovery stay was lifted on March 2, 2009, with respect to written discovery only.

On March 31, 2010, the Court ruled on Defendants' motion to dismiss. The Court dismissed all of Plaintiffs' federal and state claims, save for a cognizable claim for breach of the duty of fair representation, pursuant to Section 9(a) of the Labor-Management Relations Act. *See* 29 U.S.C.A. § 185 (1998). With respect to that claim, the Court converted Defendants' motion to dismiss into a motion for summary judgment and ordered additional briefing. In briefing the converted motion, Defendants argued that, when communicating to Plaintiffs the details of the retirement packages, they did not know of any future retirement offers.

---

[3] Plaintiffs subsequently amended the complaint several times. The operative pleading in this case is the Third Amended Complaint of December 18, 2008. (Docket Entry No. 23.)

Before responding to the summary judgment motion, Plaintiffs moved to have the stay lifted as to all discovery so that Plaintiffs could depose the Unions' representatives concerning their knowledge of the details of the retirement packages and whether other packages would subsequently be offered. (Docket Entry No. 42.) The magistrate judge denied this motion, in part because Plaintiffs' counsel failed to attach the affidavit required by Federal Rule of Civil Procedure 56. (Docket Entry No. 43.) Plaintiffs then filed a motion for reconsideration, this time including the affidavit. (Docket Entry No. 44.) The magistrate judge granted the motion for reconsideration but ultimately denied Plaintiffs' request to reopen discovery. (Docket Entry Nos. 48 & 50.) Plaintiffs have both responded to Defendants' motion for summary judgment and filed an objection with this Court to the magistrate judge's ruling.

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 72(a), the trial court "must consider timely objections" to a magistrate judge's ruling on a non-dispositive matter and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." The "contrary to law" standard authorizes the district court to conduct plenary review of the magistrate judge's legal conclusions, exercising its independent judgment and "'overturn[ing] any conclusions of law which contradict or ignore applicable precepts of law.'" *E.E.O.C. v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009) (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)).

In deciding whether to allow Plaintiffs to take depositions, the magistrate judge invoked the multiple factors that the Sixth Circuit uses to adjudicate appeals alleging inadequate opportunity for discovery following an adverse summary judgment ruling. *See Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196-97 (6th Cir. 1995). Those factors include (1) the time when

4

the party seeking additional discovery learned about the subject of the requested discovery; (2) whether the additional discovery would change the ruling; (3) the length of the discovery period; (4) the extent to which the party seeking the additional discovery was dilatory in its efforts at discovery, and (5) the opposing party's responsiveness to discovery requests. *Id.* Applying these factors, the magistrate judge concluded that Plaintiffs knew from the beginning of the case that the knowledge of the Unions' representatives would be a relevant issue. Because Plaintiffs did not propound written discovery requests for more than a year after the stay was partially lifted, the magistrate judge concluded that the Plaintiffs had been dilatory in their discovery efforts and questioned whether depositions would have actually produced more evidence. While noting Defendants' "boilerplate objections" and "conclusory statements" that "obfuscate[d] the response" to Plaintiffs' discovery requests, the magistrate judge determined that it was acting within its discretion by not reopening discovery.

A party must receive an adequate opportunity to conduct discovery before summary judgment is entered against it. *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004); *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231-32 (6th Cir. 1994). Pursuant to Federal Rule of Civil Procedure 56(d) (2010)[4]:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1)    defer considering the motion or deny it;
>
> (2)    allow time to obtain affidavits or declarations or to take discovery; or
>
> (3)    issue any other appropriate order.

---

[4] According to the Advisory Committee note, following the 2010 amendments to Rule 56, the provisions of subdivision (d) "carries forward without substantial change the provisions of former subdivision (f)." *Cf. Snow v. Kemp*, No. 10-2363-STA-cgc, 2011 WL 345864, at *1 n.6 (W.D. Tenn. Feb. 2, 2011).

The Rule 56(d) affidavit must explain "the need for discovery, what material facts may be uncovered, and why the information has not been previously discovered." *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 426 (6th Cir. 2009).

The affidavit of Plaintiffs' counsel submitted to the magistrate judge with the motion for reconsideration meets the Rule 56 standard. It explains that, while the Unions provided in written discovery the scripts that educated the Unions' representatives about the retirement plans, the actual presentations to the Plaintiffs allegedly deviated from the scripts. The Unions did not produce any electronic communications concerning the retirement packages, but only formal documents. Therefore, Plaintiffs' counsel contends that the Unions' representatives must be deposed so that counsel can ask about what they knew concerning the retirement packages vis-à-vis what the representatives actually told Plaintiffs. Where the alleged breach of the duty of fair representation hinges on factual misrepresentations of the retirement packages to Plaintiffs, the knowledge of the representatives communicating to the Unions' members is a manifestly material fact. Plaintiffs have not previously discovered the Union representatives' knowledge because Plaintiffs have never been allowed to take depositions in the case.

Applying the *Plott* factors, the Court finds that Plaintiffs were aware of the relevance of the Union representatives' knowledge from the beginning of the case. Plaintiffs did not become aware, however, of the discrepancies between the Unions' scripts and what the Plaintiffs say they were told about the retirement packages until the Unions provided those scripts in written discovery. While the written discovery period lasted a little over a year and Plaintiffs engaged in dilatory conduct in propounding written discovery requests, Plaintiffs never had an opportunity for deposition discovery. Thus, Plaintiffs have not engaged in dilatory conduct with respect to

6

taking depositions.  Finally, Defendants resorted to vague and incomplete responses to Plaintiffs' written discovery requests.[5]

Balancing the relevant factors, the Court concludes that the magistrate judge made a decision contrary to law by declining to reopen discovery.  Plaintiffs should be allowed take depositions before responding to Defendants' summary judgment motion.  Where the knowledge of the Unions' representatives is a potentially dispositive issue, Plaintiffs merit an opportunity to depose those representatives.  Pursuant to its discretionary authority under Rule 56, the Court will deny Defendants' motion at this time so that Plaintiffs can take depositions.  The Court will allow Defendants to refile their motion after the deposition discovery process is complete.

## CONCLUSION

For all of the reasons stated, Plaintiffs' Objection to the Magistrate Judge's Ruling (Docket Entry No. 51) will be granted.  Plaintiffs will have sixty (60) days after receiving notice of this Court's decision to depose the relevant individuals.  Defendants' Motion for Summary Judgment (Docket Entry No. 39) will be denied without prejudice.  Defendants may refile their motion for summary judgment after the completion of deposition discovery but no later than ninety (90) days after receiving notice of this Court's decision.

An appropriate Order shall be entered.

*Kevin H. Sharp*

KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

---

[5] At this stage, the Court cannot fully evaluate the second *Plott* factor.  That is, the Court is unable to say what effect the deposition testimony will ultimately have on the outcome of Defendants' summary judgment motion.  Based on the available materials before it, Plaintiffs may be able to discover information through taking depositions that Plaintiffs need to withstand summary judgment.

7